**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Andrew James Vilcauskas, Jr.,<br><br>Defendant. | No. CR-19-00752-01-PHX-DGC<br><br>**ORDER** |

On March 22, 2021, Defendant Andrew Vilcauskas filed two pro se motions to dismiss for lack of jurisdiction. Docs. 88, 89. The government has filed a response. Doc. 91. Defendant filed no reply and the time for doing so has passed. *See* Doc. 86. For reasons stated below, the Court will deny the motions.[1]

**I.    Background.**

In January 2019, a duly empaneled federal grand jury issued an indictment charging Defendant and co-defendant Raechel Packard with conspiracy (count one) and mail fraud (counts two through ten) in violation of 18 U.S.C. §§ 371 and 1341. Docs. 1, 4. The indictment alleges that Defendant and Packard mailed hundreds of thousands of fraudulent invoices to small businesses for purported website backup services, causing victims to send

---

[1] Defendant previously filed the motions to dismiss shortly after making a "special appearance" in the case in August 2019. Docs. 28, 29. The Court denied the motions at a status conference held in January 2020 because Defendant was represented by counsel. Doc. 61. Although Defendant is still represented by counsel, the Court permitted him the refile the motions pro se. Doc. 86. This permission does not apply to other motions – Defendant must act during the remainder of this case through counsel.

- 1 -

checks totaling nearly $500,000. Doc. 4 at 1-2. In November 2019, Packard pled guilty to count one and admitted that she conspired with Defendant to mail around a million fraudulent invoices, resulting in an actual loss of approximately $500,000. Docs. 52, 53. Defendant's trial is scheduled to begin on April 26, 2021. Doc. 79.

## II.     Defendant's Motions to Dismiss.

Defendant contends that this action must be dismissed because the government has failed to establish the jurisdiction and venue of this Court. Doc. 88 ¶ 1. Specifically, Defendant asserts that the Court is without "legislative jurisdiction" over the location where the alleged criminal activity occurred – the so-called "locus in quo" – and that no *in personam* jurisdiction exists absent evidence that he "was acting as a public officer, agent, employee or franchise of the United States Government[.]" *Id.* ¶¶ 31-32; *see also id.* ¶ 28 ("[T]he burden is upon the Government to bring forth documented proof that it is lawfully possessed with legislative jurisdiction over the 'locus in quo,' on the sovereign republic of Washington, or in the alternative prove that the alleged criminal acts [were committed] . . . on a federal enclave defined as a 'State[.]'"). Defendant further asserts that he is not subject to the Court's jurisdiction because he "is an ordained Minister of the Church of Philadelphia and an Ambassador of Christ." *Id.* ¶¶ 35-36; *see also* Doc. 89 ¶¶ 10-11, 41 (claiming that his body "is his temple and a church . . . granted by the Creator on the twenty-first (1) day of December, in the year of His Lord, 1996[,]" and the Court "is without original jurisdiction . . . to deny [his] authority as Ambassador for Christ[.]"). While the Court respects Defendant's religious beliefs and his right to hold them, his motions to dismiss entirely lack merit.

### A.     Subject Matter Jurisdiction.

Article III of the United States Constitution provides that the judicial power of the federal courts extends to all cases "arising under this Constitution" and "the Laws of the United States[.]" U.S. Const. art. III, § 2. The laws of the United States include statutes passed by Congress and signed by the President, such as Title 18 of the United States Code, which sets forth criminal offenses against the United States.

Under 18 U.S.C. § 3231, federal district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Those offenses include the crimes charged against Defendant in the Indictment – conspiracy in violation of 18 U.S.C. § 371 and mail fraud in violation of 18 U.S.C. § 1341. *See* Doc. 4 ¶¶ 5-11. The Court therefore has subject matter jurisdiction in this case. *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *United States v. Williams*, 341 U.S. 58, 65 (1951) ("The District Court had jurisdiction of offenses against the laws of the United States [under] 18 U.S.C. § 3231[.] Hence, it had jurisdiction of the subject matter, to wit, an alleged violation of a federal conspiracy statute, and, of course, of the persons charged.")); *see also United States v. Nichols*, No. CR-18-1684-TUC-CKJ (BGM,) 2020 WL 4812904, at *1 (D. Ariz. Aug. 17, 2020) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.") (quoting *Hugi v. United States*, 164 F.3d 378, 380-81 (7th Cir. 1999)); *United States v. Thompson*, No. CR-18-08162-PCT-DGC, 2019 WL 3816723, at *1 (D. Ariz. Aug. 14, 2019) (denying motion to dismiss because, "[u]nder 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over 'all offenses against the laws of the United States' [and] Defendant is charged with violating federal criminal statutes.") (citing *Marks* and *Williams*); *Todd v. United States*, No. C11-0470-JLR-MAT, 2012 WL 2952084, at *5 (W.D. Wash. June 26, 2012) ("[W]here the district court tried petitioner for crimes under Title 18 of the United States criminal code, *see* 18 U.S.C. §§ 371, 1591, 2421, . . . there is no question as to the existence of subject matter jurisdiction.").

**B.     Personal Jurisdiction.**

The Court has personal jurisdiction over Defendant "by virtue of [him] having been brought before it on a federal indictment charging a violation of federal law." *Marks*, 530 F.3d at 810; *see Todd*, 2012 WL 2952084, at *5 (same); *Thompson*, 2019 WL 3816723, at *1 (same); *see also United States v. Warren*, 610 F.2d 680, 684 n.8 (9th Cir. 1980) ("In

this circuit, . . . a court has exclusive personal jurisdiction over any party who appears before it, regardless of how that appearance was effected.") (citations omitted); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained."); *United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding that the Hawaii district court had jurisdiction over Hawaii residents claiming they are citizens of the "Sovereign Kingdom of Hawaii").

### C. Venue.

Rule 18 of the Federal Rules of Criminal Procedure, which has the force and effect of federal law, *see* 28 U.S.C. § 2072(b), provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18; *see also* 18 U.S.C. § 3232 (proceedings to be held in the district and division in which the offense was committed, per Rule 18). Venue is proper in this Court because the charged offenses occurred in part within the District of Arizona. The indictment alleges that Defendant incorporated WebsiteBackup LLC in Arizona to further the fraudulent scheme, listed it as having a business address in Phoenix, Arizona, and took other fraudulent steps within Arizona. Doc. 4 ¶¶ 4, 7(a), 11; *see Lorenzo*, 995 F.2d at 1456 (holding that because the alleged conspiracy and mail fraud "occurred in the district of Hawaii, venue was proper under Rule 18"); *Todd*, 2012 WL 2952084, at *5 ("Because the offenses at issue in this matter occurred within the Western District of Washington, the government was, in fact, required to conduct the prosecution in this Court.") (citing Rule 18).

### IV. Conclusion.

Defendant has been charged with federal crimes, in a federal indictment, for offenses committed in Arizona. *See* Docs. 4, 37, 40. These facts establish the Court's subject matter jurisdiction, personal jurisdiction over Defendant, and venue in the District of Arizona. The indictment is not based on Defendant's religious beliefs or actions, but on his alleged violation of federal criminal statutes. Nor will the Court take time to address

the variety of legal and historical arguments and theories contained in Defendant's 33-page motion. *See* Doc. 88. Based on the statutes, cases, and rules set forth above – all of which are currently in effect and fully applicable to this case – the Court has jurisdiction and venue over this case and Defendant. His arguments to the contrary are frivolous. *Marks*, 530 F.3d at 811 (district court did not abuse its discretion in denying frivolous jurisdictional challenges without a hearing).

**IT IS ORDERED** that Defendant's motions to dismiss for lack of jurisdiction (Docs. 88, 89) are **denied**.

Dated this 16th day of April, 2021.

David G. Campbell
Senior United States District Judge