**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00752-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew James Vilcauskas, Jr., | |
| Defendant. | |

Defendant Andrew James Vilcauskas, who is representing himself pro se in this case, seeks to continue his December 6, 2023 sentencing based on his medical condition. Docs. 285, 286. He has also filed a motion to continue or stay the sentencing so he can pursue an appeal in the Ninth Circuit, or alternatively so he can prepare a motion to withdraw his guilty plea and seek dismissal of this case. Doc. 287.

Defendant's motion to continue based on his medical condition is virtually identical to the motion he previously filed, supported by the same letter from the same doctor. *See* Doc. 280. The Court denied this motion yesterday. Doc. 284. The Court will deny it again today for the same reasons. *Id.*

Defendant's request to continue the sentencing so he can pursue his Ninth Circuit appeal (which was filed two days ago, Doc. 283), will be denied. "The law normally requires a defendant to wait until the end of the trial to obtain appellate review of a pretrial order." *Sell v. United States*, 539 U.S. 166, 176 (2003). The relevant jurisdictional statute authorizes federal courts of appeals to review "final decisions of the

district courts." 28 U.S.C. § 1291. "[T]he term 'final decision' normally refers to a final judgment, such as a judgment of guilt, that terminates a criminal proceeding." *Sell*, 539 U.S. at 176. There are exceptions to this rule. A pretrial order may be appealed as a "collateral order" when it "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Id.* (cleaned up).

Defendant has attempted to appeal the Court's order requiring him to represent himself. *See* Docs. 277, 283. But the Court's order is not an appealable collateral order because it may be reviewed on appeal from the final judgment in this case. *See United States v. Tillman*, 756 F.3d 1144, 1146 (9th Cir. 2014) ("[W]e lack jurisdiction over Tillman's claim that counsel was improperly removed. The removal order is nonfinal and not immediately appealable; Tillman has the opportunity to raise this issue on direct appeal, if there is one.").

Because Defendant's appeal concerns a matter that is not appealable at this time, the Court has jurisdiction to proceed with this case. *See United States v. Garner*, 663 F.2d 834, 838 (9th Cir. 1981) ("When there is a deficiency in the notice of appeal for whatever reason, . . . the district court is not deprived of jurisdiction. . . . Thus, the trial court maintained jurisdiction to proceed with the trial."); *United States v. French*, No. 3:08-CR-0006-LRH-RAM, 2011 WL 13362589, at *1 (D. Nev. Jan. 10, 2011) ("Because defendants' appeal is an invalid appeal of a non-final order, this court retains jurisdiction to proceed with trial[.]").

Defendant also asks the Court to postpone sentencing so he may prepare a motion to withdraw his guilty plea, and seek dismissal of this case, based on the newly discovered fact that it was, for reasons Defendant does not explain, "impossible" for him to commit the crime to which he pled guilty. The Court has already denied two motions by Defendant to withdraw his guilty plea. The Court will not further delay this case to entertain a third motion.

Sentencing will proceed as scheduled on December 6, 2023.

**IT IS ORDERED:**

1. Defendant's motion to seal (Doc. 285) is **granted**.

2. Defendant's motion to continue the sentencing hearing for medical reasons (Doc. 286) is **denied**.

3. Defendants motion to continue sentencing hearing and motion to stay sentencing (Doc. 287) is **denied**.

Dated this 1st day of December, 2023.

*David G. Campbell*
David G. Campbell
Senior United States District Judge